IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN BLANCO and NESTOR VELASQUEZ, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| HAO SYSTEMS, INC., | ) ) ) ) | |
| Defendant. | ) | |

_____

# COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Juan Blanco ("Plaintiff Blanco") and Nestor Velasquez ("Plaintiff Velasquez") (collectively "Plaintiffs") and files this Complaint against Defendant HAO Systems, Inc. ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant conducts business in this jurisdiction and is subject to specific jurisdiction over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Jae Hong Kim, at 3762 Ridge Grove Way, Suwanee, Georgia 30024.

## III.   Parties and Facts

6.

Plaintiffs are residents of the State of Georgia.

7.

Plaintiff Velasquez was employed by Defendant as an electrician from, on or about August 27, 2021, to June 24, 2022. Plaintiff Blanco was employed by Defendant from, on or about August 18, 2021 to July 8, 2022.

8.

Plaintiffs were "employees" of Defendant, as that term has been defined by the FLSA.

9.

Throughout Plaintiffs' employment, Plaintiff were paid on an hourly basis, without overtime compensation, calculated at one- and one-half times her regular rate, for some of the hours they worked in excess of 40 in work weeks.

10.

Specifically, Plaintiffs were not paid for certain overtime hours they spent working for Defendant off the clock with Defendant's actual or constructive knowledge.

11.

Plaintiffs typically arrived at work at 7 a.m., or earlier, and yet they were not paid for their work time until 8 a.m., or later. In addition, Plaintiffs regularly left work at 5:30/6:00 p.m. or later, but were required to clock out earlier than their departure time. Plaintiffs performed their off the clock work in the presence of their supervisors and received their directives on when they required to clock in and clock out from their supervisors.

11.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

Defendant is a private employer engaged in interstate commerce, and its gross commercial revenues exceed $500,000 per year.

13.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

14.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek. Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Plaintiffs performed job duties that were integral to Defendant's principal business.

16.

Plaintiffs worked for Defendants on a permanent basis, until such time as they left the employer.

17.

Plaintiffs had no opportunity for profit and loss as they were paid on an hourly basis.

18.

Plaintiffs' work schedules and job assignments were controlled by Defendant.

## Count I

## Violations of the Fair Labor Standards Act.

19.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendant knew or showed reckless disregard for the fact its actions,

policies, and/or omissions violated the FLSA.

23.

Defendant suffered or permitted Plaintiffs to work unpaid overtime hours, and had actual or constructive knowledge that Plaintiff was working unpaid overtime hours.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D)   Permit Plaintiffs to amend their Complaint to add state law claims if necessary;

(E) Award Plaintiffs such further and additional relief as may be just and appropriate.

This 22nd day of November, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com